**Anthony CALI, Plaintiff–Appellant,**

v.

**CHRYSLER GROUP, LLC,**
**Defendant–Appellee.**

**No. 11–642–cv.**

United States Court of Appeals,
Second Circuit.

Aug. 30, 2011.

Sergei Lemberg (Susan Schneiderman), Lemberg & Associates LLC, Stanford, CT, for Plaintiff–Appellant.

John W. Rogers, (Kathy A. Wisniewski, Thompson Coburn LLP, Carl J. Schaerf, Schnader Harrison Segal & Lewis LLP, on the brief), Thompson Coburn LLP, New York, NY, for Defendant–Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Anthony Cali ("Cali"), appeals the order of the District Court dismissing, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Cali's complaint against defendant-appellee Chrysler Group LLC ("Chrysler") for breach of express warranty, breach of written warranty under Magnuson–Moss Warranty Act, and breach of implied warranty of merchantability. We assume the parties' familiarity with the underlying facts, proceedings below, and specification of issues on appeal.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all well-pleaded, factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *See, e.g., Desiano v. Warner–Lambert & Co.,* 467 F.3d 85, 89 (2d Cir.2006). To survive a motion to dismiss on the pleadings, the complaint, including accompanying exhibits and documents incorporated by reference, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Following *de novo* review of the record, we affirm the judgment of the District Court for substantially the same reasons stated in its careful and comprehensive opinion, *see Cali v. Chrysler Grp. LLC,*

No. 10–cv–7606, 2011 WL 383952 (S.D.N.Y. Jan.18, 2011). Cali failed to plead sufficient facts, beyond mere conclusory statements, to state plausible claims for breach of express warranty, breach of implied warranty, and violations of the Magnuson–Moss Warranty Act.

## *CONCLUSION*

We have considered Cali's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**